(Pleito No. 121.—Fallado el 25 de Abril de 1901.)

## GUTIÉRREZ contra GARCÍA.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

1.—RECURSO. Cuando se funda un recurso en el No. 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, debe citarse la ley ó doctrina legal relativa al valor de las pruebas que se supongan infringidas para constituir el error de derecho, ó alegar el error de hecho resultante de documentos ó actos auténticos que demuestren la equivocación del Tribunal.

2.—LITIS-PENDENCIA. Para alegar la excepción de litis-pendencia el pleito pendiente debe ser por la misma causa y con el mismo objeto.

### SENTENCIA.

En la Ciudad de San Juan de Puerto-Rico, á veinte y cinco de Abril de mil novecientos uno, en el recurso de casación, por infracción de ley, pendiente ante Nos, interpuesto por Don José Gutiérrez y Román, jornalero, mayor de edad y vecino de Arecibo, dirigido por el Licenciado Don Elpidio de los Santos, y Don Ramón García y Lugo, en su carácter de liquidador de la extinguida razón mercantil García Hermanos, establecida en la misma Villa, representada y dirigida por el Letrado Don Hilario Cuevillas Hernández, sobre cobro de pesos, en juicio declarativo de menor cuantía.—Resultando: Que por documento privado de primero de Enero de mil ochocientos noventa y ocho, que se acompañó á la demanda, la sociedad García Hermanos dió en arrendamiento á Don José Gutiérrez Román una finca rústica radicada en el barrio de Rio-arriba, del término municipal de Arecibo, por cinco años y por precio que se estipuló, comprometiéndose García Hermanos á refaccionar la finca, cuyo compromiso cumplió hasta mayo de mil ochocientos noventa y ocho, en que suspendió por causa de la guerra, quedando á deberle por ese concepto Gutiérrez trescientos cuarenta y cinco pesos veinte y tres centavos; que no habiendo satisfecho éste el arrendamiento estipulado, se vió precisado á lanzarle de la finca, adeudando al lanzársele la suma de setecientos

treinta y tres pesos treinta y dos centavos, y como al realizarse el lanzamiento no devolvió dos yuntas de bueyes, una váca y una cerda á que estaba obligado, adeudaba por este otro concepto doscientos ochenta pesos, cuyas tres partidas hacen el total de mil trescientos cincuenta y ocho pesos, cincuenta y cinco centavos, que es el objeto de la demanda, apoyándose para hacer la reclamación en los artículos 1,092, 1,555 y 1,753 del Código Civil.—Resultando: Que al contestar la demanda el demandado Gutiérrez alegó en primer término la excepción de litis-pendencia, porque estaba pendiente de resolución definitiva otro juicio que él inició en reclamación de daños y perjuicios, por incumplimiento del contrato de arrendamiento aludido; que García Hermanos no cumplió dicho contrato, porque cuando refaccionaron, lo hicieron mezquinamente y siempre disculpándose con la situación, y aconsejándole economías; que mientras estuvo preso, ellos administraron la finca, que tres bueyes fueron muertos, que la vaca y el otro buey fueron sustraídos y la cerda la benefició para el pago de jornales de una semana, y reconviene á García Hermanos en su representación, por la cantidad de mil cuatrocientos un pesos, pues que mientras estuvo en la finca arrendada, introdujo mejoras, labores y plantíos, que aprecia en mil ciento sesenta y nueve pesos, por venta aplazada de diez mil mazorcas de maíz en cien pesos, y por alquiler de dos yuntas de bueyes, que sustituyeran á los desaparecidos por tiempo de cinco meses y medio, que importó ciento treinta y dos pesos, y fundado en los artículos 386, 532, excepción 5ª de la Ley de Enjuiciamiento Civil, 1,091, 1,214, 1,233, 1,258, 1,278, 1,256, 1,556, 1,096, 1,561, 1,554, 1,556, 1,182, 1,598 y 1,090 del Código Civil, concluyó suplicando que se declarase con lugar la excepción de litis-pendencia, y en caso denegado que se le absolviese de la demanda y se condenase á Don Ramón García y Lugo, en la representación que ostenta, á satisfacerle la suma de mil cuatrocientos un pesos por la reconvención establecida y las costas.—Resultando: Que, evacuados los trámites de

réplica y dúplica, se practicaron todas las pruebas propuestas por las partes, y entre ellas consta que Gutiérrez en el acto del lanzamiento reclamó el abono de las mejoras, labores y plantíos, y pidió el avalúo para poder reclamar la cantidad en que se aprecien, en la forma que determina el artículo 1,604 de la Ley de Enjuiciamiento Civil, dictándose sentencia por el Tribunal de Arecibo en once de Junio del año anterior, declarando sin lugar la excepción de litispendencia y la reconvención, y con lugar la demanda, y en su consecuencia se condenó á Gutiérrez á pagar al actor, en su carácter de liquidador de García Hermanos, la cantidad á que se dirigió la demanda, y las costas.—Resultando: Que contra dicha sentencia se interpuso por Gutiérrez recurso de casación por infracción de ley, fundado en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º La regla 5ª del artículo 532 de la ley citada, porque hay pleito anterior pendiente sobre incumplimiento de contrato de arrendamiento é indemnización de daños y perjuicios, promovido por el recurrente, y las acciones que hoy ejercitan García Hermanos nacen también de ese contrato de arrendamiento.—2º El artículo 100 del Código Civil, porque probada la infracción del contrato, Gutiérrez no ha incurrido en mora.—3º El 1,261, porque bajo el supuesto anterior, mientras García Hermanos no repare los perjuicios y daños que ha originado á Gutiérrez, ó no constara que por su parte había cumplido con las cláusulas estipuladas, no podía ni puede tener acción para exigir á Gutiérrez el cumplimiento de dicho contrato.—4º Los artículos 1,554, 1,556 y 1,557 del Código Civil, por cuanto el arrendador, lejos de mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo convenido, infringió éste, por negarle la cantidad señalada para refacción y por estar más de un mes gobernando y administrando la finca.—5º Los artículos 1,575 y 1,568, en relación con el 1,182 y 1,183, porque la finca se arrendó con los semovientes y muebles que en la misma había,

y éstos deben quedar sujetos á las cláusulas y condiciones del contrato de arrendamiento del predio rústico, por cuanto completaban á éste para su mejor explotación y aisladamente 'carecían de valor relativo para Gutiérrez.— 6? El artículo 1,120, 1,124 y 1,125, porque infringido el contrato por García Hermanos, lejos de determinar en ellos el derecho á que el término del contrato se conceptúe establecido en su beneficio, determina la responsabilidad en que han incurrido antes de expirar el término del arrendamiento, impidiendo con sus actos que al vencimiento de dicho término pudiera Gutiérrez pagar el precio del arrendamiento anual.—7? El 1,157, porque la sociedad demandante no cumplió en la oportunidad debida con la obligación contraída en dicho contrato de arrendamiento.—Resultando: Que el recurrente no se personó en el acto de la vista, siendo en ese trámite impugnado el recurso por la parte recurrida. —Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que no se ha cometido la infracción que se alega en el primer motivo, al no haberse declarado con lugar la litis-pendencia, porque tanto el pleito pendiente, al alegarse esta excepción, como el presente, tienen entre sí distinto objeto, puesto que aquél se refiere al incumplimiento del contrato de arrendamiento, y subsiguientemente á la indemnización de daños y perjuicios, y éste versa sobre reclamación del precio del arrendamiento, cuenta de refacción y semovientes que debieran entregarse, y que se valoraron con ese fin, sin que en ningún caso pueda producirse la cosa juzgada, que es el fin más importante de la litis-pendencia.—Considerando: Que la mayor parte de las infracciones que se alegan en los demás motivos se refieren al incumplimiento del contrato de arrendamiento por parte de García Hermanos y se quebrantaría el principio de *non bis in idem* si en este pleito se tratasen estas cuestiones, porque el mismo demandado confiesa, al alegar la excepción de litis-pendencia, la existencia de otro juicio promovido por él en reclamación de daños y perjuicios, y en

ese debate es que tienen lugar adecuado todas las obligaciones tendentes á ese fin, toda vez que los perjuicios han de nacer del incumplimiento de dicho contrato, y en ese juicio es que éste debe examinarse y darse aplicación é interpretación á sus cláusulas.—Considerando: Que aunque el recurrente fundó también su recurso en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, no se cita ley ó doctrina legal relativa al valor de las pruebas que se supongan infringidas para constituir el error de derecho, ni se alega error de hecho resultante de documentos ó actos auténticos que demuestren la equivocación del Tribunal, y por consiguiente no es posible entrar á discutir el valor probatorio de los elementos todos que se tuvieron en cuenta para dictar la sentencia recurrida.—Considerando, por lo expuesto: Que el Tribunal de Arecibo no ha cometido los errores que en el recurso se le atribuyen.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por la representación de José Gutiérrez Román, á quien condenamos al pago de las costas; y líbrese la certificación correspondiente al Tribunal de Arecibo con devolución de los autos que ha remitido, para los efectos oportunos.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á veinte y cinco de Abril de mil novecientos uno.—E. de J. López Gaztambide, *Secretario*.